United States District Court
Southern District of Texas
**ENTERED**
December 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RONALD S. HINES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:18-CV-155 |
| | § | |
| JESSICA QUILLIVAN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

In October 2018, Plaintiff Ronald S. Hines, a licensed veterinarian, filed suit against numerous members of the Texas State Board of Veterinary Examiners in their official capacities, seeking declaratory and injunctive relief to permit him to give medical advice to animal owners without having physically examined the animal, as Texas law requires (the "Physical Examination Requirement").[1]  Hines alleges two causes of action: (1) an as-applied challenge that the Physical Examination Requirement violates his free speech rights under the First Amendment; and (2) that the challenged law violates his right to equal protection under the Fourteenth Amendment because Texas law allows medical doctors to provide care to human patients without a physical examination.

In June 2019, the Court granted the Defendants' Motion to Dismiss as to both causes of action.  (Doc. 40)  Hines appealed.  In February 2021, the Fifth Circuit affirmed the dismissal as to the Fourteenth Amendment claim, but reversed as to the First Amendment claim based on recent decisions by the Supreme Court of the United States and the Fifth Circuit itself.  The court remanded the matter for this Court to determine if the challenged Texas statute, as applied to Hines, regulates speech or conduct and, depending upon that determination, whether the

---

[1] Hines advances his claims against the members of the examiners in their official capacities.  A suit against a government employee in his or her official capacity is "to be treated as a suit against the entity itself." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  For convenience, the Court will refer to the examiners as the "Defendants".

Defendants could satisfy the applicable level of scrutiny to support the application of the statute. *Hines v. Quillivan*, 982 F.3d 266, 276 (5th Cir. 2020) (*Hines II*).

On remand, the Magistrate Judge requested that the parties brief the issue on whether the Defendants' application of the Physical Examination Requirement regulated Hines's speech or conduct. In July 2021, after receiving briefs from the parties and one *amici curiae* (*See* Docs. 50, 53, 58, 59, 64), the Magistrate Judge issued a Report and Recommendation, recommending that the Motion to Dismiss be denied because as applied to Hines, the law in question represents a content-based regulation of speech, subject to strict scrutiny review, and the state has not satisfied its burden under this level of review at this stage of the proceedings. (Doc. 65)

Defendants timely objected to the Report and Recommendation, arguing that the Physical Examination Requirement as applied to Hines is a regulation of conduct, not speech. (Defendants' Objections, Doc. 66) As a result, the Court conducts a *de novo* review of the challenged portions of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

Based on the record and the applicable law, the Court reaches the same conclusion as within the Report and Recommendation. The Court adopts the Report and Recommendation, and addresses the Defendants' objections in this Order.

I.    **Analysis**

As the Fifth Circuit explained, the First Amendment issue before the Court on remand is a narrow one: "[W]hether the [Physical Examination Requirement] regulate[s] only speech, restrict[s] speech only incidentally to their regulation of non-expressive professional conduct, or regulate[s] only non-expressive conduct." *Hines II*, 982 F.3d at 272 (quoting *Vizaline L.L.C. v. Tracy*, 949 F.3d 927, 931 (5th Cir. 2020)).

Two principles prove particularly important to resolving this question. First, Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6), arguing that Hines does not state

2

a claim upon which relief can be granted. When considering such a motion, a court considers only the allegations in the complaint and accepts them as true, viewing them in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). To survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). This plausibility standard requires the plaintiff to plead facts sufficient to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The pleadings must suffice to nudge a plaintiff's claims across the line from conceivable to plausible. *Twombly*, 550 U.S. at 570. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate." *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

Second, Hines advances an as-applied challenge to the Texas statute. As a result, the Court analyzes the application of the Physical Examination Requirement in relation to the facts of this particular case, and not whether the law would be constitutional regarding every possible practice by all Texas veterinarians. *See John Doe No. 1 v. Reed*, 561 U.S. 186, 194 (2010). The Court does not consider the general purpose of the law, but whether Hines's actions that triggered the Defendants' disciplinary procedures constitute speech or conduct. *See Holder v. Humanitarian Law Project*, 561 U.S. 1, 28 (2010) (*HLP*).

With those principles in mind, the Court considers the Defendants' objections. Generally speaking, the Defendants re-urge the arguments they presented to the Magistrate Judge. They contend that the Physical Examination Requirement does not regulate speech, and at most, regulates conduct with an incidental burden on speech. (Def's Objs., Doc. 66, 1) Given this objection, the Defendants argue that strict scrutiny review does not apply in this case.

The Report and Recommendation ably discusses the relevant caselaw and correctly applies it to Hines's First Amendment claim.  *HLP* proves particularly relevant to the analysis.  In that case, several individuals and humanitarian organizations brought an as-applied challenge to a federal statute that prohibited providing "material support" to designated terrorist organizations.  561 U.S. at 15.  The Supreme Court stated that "[e]ven if the material-support statute generally functions as a regulation of conduct, as applied to plaintiffs the conduct triggering coverage under the statute consists of communicating a message." *Id.* at 28.  Additionally, the Supreme Court reasoned that the law was a content-based regulation of speech because the law barred the plaintiffs from providing legal advice and training to organizations if their speech "impart[ed] a 'specific skill' or communicat[ed] advice derived from 'specialized knowledge,'" but not if their speech communicated unspecialized information.  *Id.* at 27.  As the statute's restrictive application turned on the content of the plaintiffs' speech, the Supreme Court rejected the Government's argument and concluded that the law represented a content-based regulation of speech subject to strict scrutiny.  *Id.* at 28.

The application of the Supreme Court's reasoning in *HLP* to the present case leads to the same result.  While the Texas statute may generally regulate the conduct of veterinarians, as applied to Hines, it regulates his alleged speech.  First, it is undisputed that Hines did not physically examine any animal.  Instead, he alleges that all of his interactions with pet owners took the form of verbal and written communications.  He provides various examples of the nature of those interactions.  He consoled distressed pet owners, recommended that pet owners seek immediate veterinary care because an animal's symptoms indicated a serious medical condition, clarified information that other veterinarians had provided to pet owners, helped pet owners "decide how to proceed when local veterinarians had provided conflicting diagnoses", and generally pointed them to relevant information on the internet. (Compl., Doc. 1, ¶ 32, 41)  Hines

never prescribed medication or rendered any diagnosis.[2] (*Id.* at ¶ 42) At times, if he discovered an error in a prescription that a pet owner received, he would provide guidance to the pet owner so that she could visit her local veterinarian to ask that the prescription be corrected. (*Id.*) These alleged actions by Hines constitute speech, and not conduct. And based on these communications, the Defendants found that Hines violated the Texas statute and initiated disciplinary proceedings against him.[3] (Compl., Doc. 1, ¶¶ 83–85) In other words, as in *HLP*, "the conduct triggering coverage under the statute consist[ed] of communicating a message". 561 U.S. at 28.

The impact of the disciplinary proceedings upon Hines's actions further demonstrates that the Defendants applied the Texas statute to regulate his speech. He alleges that the Physical Examination Requirement, as applied to him, has wholly restricted him from interacting with pet owners, even when his communications do not consist of diagnosing, treating, or prescribing medication to animals. (Compl., Doc. 1, ¶ 72, 89) He cannot call or e-mail an animal owner, even if only to console pet owners or disseminate general information, unless he first physically examines the animal. (*Id.* at ¶¶ 51–53, 89) While he alleges that he "always requested the complete medical records from the owner's local veterinarian," even if the review of medical records may be categorized as conduct, that activity appears to be a small fraction of the activity for which the Defendants initiated disciplinary proceedings against Hines. (*Id.* at ¶ 29) In short, the overwhelming majority of what Hines sought to do, but which the Defendants prohibited him from doing unless he satisfied the Physical Examination Requirement, constituted speech and in no manner could be characterized as conduct.[4]

---

[2] Defendants argue otherwise, (Def's Brief, Doc. 52, 6), but Hines's Complaint, which the Court accepts as true, undercuts this contention.

[3] In their Motion, the Defendants acknowledge that when Hines published articles on his website "with general information on veterinary health . . . not targeted at any individual patient", those articles "[did] not fall within the 'practice of veterinary medicine' under § 801.002(5) of the Texas Veterinary Licensing Act." (Motion, Doc. 25, 11 n. 18) But the Defendants do not concede that the statute does not encompass the other actions that Hines alleges he took.

[4] If, through discovery, the Defendants reveal that Hines primarily engaged in prescribing medication or reaching a diagnosis, then the Defendants may possess a more powerful argument that they can advance at a later stage in these proceedings. *See, e.g., Cap. Associated Indus., Inc. v. Cooper*, 129 F. Supp. 3d 281 (M.D.N.C. 2015) (denying a motion

In the same manner, the Defendants' application of the statute is content-based. In *HLP*, the challenged law, as applied to the plaintiffs, permitted them to communicate unspecialized information, but not legal advice derived from specialized knowledge. 561 U.S. at 27. In essence, the application of the statute depended on the content of the communications. Likewise, to determine whether Hines is engaging in veterinary practices so as to trigger the Physical Examination Requirement, it is necessary to know the content of his communications. He may presumably communicate general information about animals, but not information that falls within Section 801.002(5) of the Texas Veterinary Licensing Act. This distinction squarely meets the definition of a content-based regulation, as defined in *HLP*.

Given that the Defendants' application of the challenged Texas statute to Hines represents a content-based regulation of his speech, it is subject to strict scrutiny. The Defendants in their objections do not challenge the analysis in the Report and Recommendation of whether the Defendants, at this stage of the proceedings, satisfy this level of review. The Court concludes that they have not, for the reasons articulated in the Report and Recommendation.

## II. Conclusion

For these reasons, the Court **OVERRULES the** Defendants' objections and **ADOPTS** the Report and Recommendation (Doc. 65). It is:

**ORDERED** that Defendants' Motion to Dismiss (Doc. 25) is **DENIED** as to Plaintiff Ronald S. Hines's cause of action under the First Amendment to the United States Constitution.

Signed on December 9, 2021.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge

---

to dismiss as to as-applied challenge under the First Amendment); *Cap. Associated Indus., Inc. v. Stein*, 283 F. Supp. 3d 374 (M.D.N.C. 2017), *aff'd*, 922 F.3d 198 (4th Cir. 2019) (granting summary judgment for the defendant).