UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RONALD S. HINES, D.V.M., <br><br> *Plaintiff*, <br><br> v. <br><br> KEITH PARDUE, in his official capacity as Vice President of the Texas State Board of Veterinary Medical Examiners, et al., <br><br> *Defendants*. | Civil Action No. 1:18-CV-00155 |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' "ADVISORY"

Jeff Rowes*, Attorney-in-Charge
Anya Bidwell, of counsel
INSTITUTE FOR JUSTICE
816 Congress Avenue, Suite 960
Austin, TX 78701
(512) 480-5936
(512) 480-5937 (fax)
jrowes@ij.org
abidwell@ij.org

Andrew Ward*, of counsel
INSTITUTE FOR JUSTICE
901 North Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
(703) 682-9321 (fax)
ahward@ij.org

*Attorneys for Plaintiff*
*Admitted *Pro Hac Vice*

Plaintiff submits this response in opposition to the "Advisory" apparently seeking dismissal of this case on mootness grounds. Doc. 100. Defendants, who are members of the Texas Board of Veterinary Medical Examiners (the "Board"), noted in their "Advisory" that Senate Bill 1414, recently signed by Governor Abbott, will soon transfer the enforcement powers of the Board to a different agency, the Texas Department of Licensing and Regulation. The "Advisory" then asserts that this transfer of power moots this case because the current Board defendants will no longer enforce the law Plaintiff is challenging under the First Amendment.

This case is not moot. To the contrary, it could not be more ripe for decision. This case is about fundamental First Amendment rights that Plaintiff has litigated for five years. There are pending cross-motions for summary judgment, as well as fully briefed objections to the Magistrate Judge's Report and Recommendation on those cross-motions. It most certainly is not moot because the names of the enforcement officials have changed.

As an initial matter, the Court could simply strike the "Advisory" as improper and ignore it. There is no such thing as an "Advisory." Defendants should have styled their filing as a motion, which is what it is in substance: a motion for final judgment on mootness grounds. Had Defendants followed the proper procedure for motions, they would have had to comply with Local Rule 7.1, which requires parties to meet and confer. Had Defendants initiated the required meet-and-confer, Plaintiff would have pointed them to Rule 25(d) and abundant case law, detailed below, explaining that a case does not become moot when official-capacity defendants change. Indeed, the substitution of parties is automatic and does not even require the Court to enter a ministerial order. The party and judicial resources presently being spent on Defendants' basic error of law are an object lesson in why the meet-and-confer requirement for motions is important.

The Board's assertion of mootness is meritless. Article III's "case or controversy" requirement does not turn on rejiggering an org chart. Under Federal Rule of Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity … ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." So, when the transfer occurs on September 1, the new officials charged with enforcing the law will simply become the new defendants. This is because "substitution under Rule 25(d) is not limited to the technical successor of the original officer in the action, but extends to persons to whom the duties and responsibilities of the original officer have been transferred." *Cintron v. Vaughn*, 2007 WL 4240856, at *14 (D. Conn. Nov. 29, 2007); *accord Top Flight Ent., Ltd. v. Schuette*, 729 F.3d 623, 630 n.1 (6th Cir. 2013) (substituting as defendant different official to whom enforcement authority was transferred); *Hoptowit v. Spellman*, 753 F.2d 779, 781–82 (9th Cir. 1985) (same); *Air Line Pilots Ass'n, Int'l v. C.A.B.*, 750 F.2d 81, 87 n.37 (D.C. Cir. 1984) (same).[1] If this commonsense rule were not the rule, then the government would be able to moot every constitutional case for prospective relief by changing the official-capacity defendant at the last moment.

---

[1] *See also, e.g.*, *Porter v. Am. Distilling Co.*, 71 F. Supp. 483, 489 (S.D.N.Y. 1947) ("In order for … Rule 25(d) to apply, it is not necessary that one individual succeed another in the same office; they are equally applicable where the duties of one are transferred to another."); *Wright v. Sch. Bd. of Greensville Cnty.*, 309 F. Supp. 671, 677 (E.D. Va. 1970) ("It is irrelevant that the city officials hold positions that differ in name from those of the original parties. Substitution in analogous situations has been effectuated under … Rule 25(d) when the relevant functions have been moved from one office to another."), *approved in relevant part*, *Wright v. Council of City of Emporia*, 407 U.S. 451, 458 n.10 (1972); *McMillen v. Clark Cnty.*, 2016 WL 8735673, at *10 (D. Nev. Sept. 23, 2016) ("As the successors in interest to the Constable's Office and Constable Bonaventura in his official capacity, LVMPD and Sheriff Lombardo in his official capacity were properly and automatically substituted."); *Brown v. ICE*, 2003 WL 22203225, at *3 n.1 (N.D.N.Y. Sept. 23, 2003) ("[T]he investigative and enforcement functions of the former INS were reorganized into the Bureau of Immigration and Customs Enforcement ("BICE"). Therefore, the court substitutes the BICE as the respondent in this action in place of the INS pursuant to Fed. R. Civ. P. 25(d)." (citation omitted)).

Despite any confusion created by Defendants' erroneous "Advisory," the new officials—Department commissioners Rick Figueroa, Thomas Butler, Gerald Callas, Nora Castañeda, Sujeeth Draksharam, Lori High, and Gary Wesson[2]—will be "automatically" substituted as official-capacity defendants, effective September 1.

Dated: July 28, 2023.

Respectfully submitted,

/s/ Jeff Rowes
Jeff Rowes*, Attorney-in-Charge
Anya Bidwell, of counsel
INSTITUTE FOR JUSTICE
816 Congress Avenue, Suite 960
Austin, TX 78701
(512) 480-5936
jrowes@ij.org
abidwell@ij.org

Andrew Ward*, of counsel
INSTITUTE FOR JUSTICE
901 North Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
ahward@ij.org

*Attorneys for Plaintiff*
*Admitted *Pro Hac Vice*

---

[2] *See* Commissioners of the Tex. Department of Licensing and Regulation, https://www.tdlr.texas.gov/commissioners.htm.

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 28th day of July 2023, I electronically filed and served the foregoing document using the CM/ECF system, upon the counsel of record.

/s/ Jeff Rowes
Jeff Rowes*, Attorney-in-Charge
*Attorney for Plaintiff*
*Admitted *Pro Hac Vice*
